United States District Court
Middle District of Florida
Jacksonville Division

**CHARLES EDWARD TOTHEROW,**

***Plaintiff,***

**v.** **NO. 3:26-cv-120-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

***Defendant.***

---

# Order

The court reversed the Commissioner of Social Security's decision denying the plaintiff's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 21, 22. The plaintiff requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $3,195 as an attorney's fee. Doc. 24. The Commissioner has no opposition. Doc. 24 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested a fee, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. Doc. 21 (order of remand entered on July 29, 2026); Doc. 22 (judgment entered on July 30, 2026); Doc.

24 (motion filed on October 27, 2026); Doc. 8 (order granting the plaintiff's application to proceed without prepaying fees or costs). The Commissioner does not contest the fourth condition. *See* Doc. 24 at 3. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the fee, the applicant must show that the requested rate and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). The fee award "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 12 hours of work by the plaintiff's lawyer, Sarah Jacobs, in 2026, at a $266.25 hourly rate. *See* Doc. 24 at 7–9, 11. The hours multiplied by the rate equals $3,195. Doc. 24 at 7.

The requested rate and claimed hours are reasonable. Based on the court's own knowledge and familiarity with Jacobs, the rate is within the prevailing market rates for services provided by lawyers with reasonably comparable skills, experience, and reputation. The increase in the cost of living from March 1996 to the time Jacobs worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited Nov. 2, 2026). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 24 at 11.

The court leaves to the Commissioner's discretion whether to accept the plaintiff's assignment of the EAJA fee, *see* Doc. 24-1, after determining whether the plaintiff owes a federal debt.

The court **grants** the motion, Doc. 24; **awards** the plaintiff $3,195 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Charles Totherow and against the Commissioner of Social Security for $3,195 as an attorney's fee.

**Ordered** in Jacksonville, Florida, on November 2, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*